# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **PETER K. MUKURIA,** | ) |
| Plaintiff, | ) Case No. 7:15CV00340 |
| v. | ) **OPINION** |
| **EARL BARKSDALE, ET AL.,** | ) By: James P. Jones |
| | ) United States District Judge |
| Defendants. | ) |

*Peter K. Mukuria, Pro Se Plaintiff; Nancy Hull Davidson, Office of the Attorney General, Richmond, Virginia, for Defendants.*

Peter K. Mukuria, a Virginia inmate proceeding pro se, brought this civil rights action under 42 U.S.C. § 1983, alleging that certain prison policies prohibiting inmates from possessing or receiving materials showing nudity violate his constitutional rights. Upon review of the record, I find that Mukuria's claims must be dismissed 42 U.S.C. § 1997e(a) for failure to exhaust available administrative remedies.

Mukuria is an inmate at Red Onion State Prison, operated by the Virginia Department of Corrections ("VDOC"). On March 27, 2015, prison officials issued a memorandum stating that effective July 1, 2015, under an amendment to VDOC Operating Procedures ("OP") 803.1 and 803.2, VDOC prisoners would no longer be able to purchase or retain any materials that include nude photographs. In June

2015, Mukuria filed this § 1983 action, seeking injunctive relief to abolish this policy. The defendant prison officials move for summary judgment on the ground that Mukuria filed the lawsuit before exhausting administrative remedies.

The Prison Litigation Reform Act ("PLRA") provides in 42 U.S.C. § 1997e(a) that a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies. More specifically, § 1997e(a) requires proper exhaustion — compliance with the procedures and filing deadlines dictated by the available administrative review procedures. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules.

*Id.* at 95. Furthermore, "the language of section 1997e(a) clearly contemplates exhaustion *prior* to the commencement of the [court] action as an indispensable requirement, thus requiring an outright dismissal" of unexhausted claims. *Carpenter v. Hercules*, No. 3:10CV241-HEH, 2012 WL 1895996, at *4 (E.D. Va. May 23, 2012) (quoting *Johnson v. Jones*, 340 F.3d 624, 628 (8th Cir. 2003)).

OP 866.1 is the written administrative remedies procedure that Red Onion inmates must follow to comply with § 1997e(a). (Messer Aff., Encl. A, ECF No. 16-1.) When an inmate has a grievance about an issue or an event, he must first

attempt informal resolution, usually by filing an informal complaint. Prison staff should respond to such a complaint with 15 calendar days.

Next, the inmate may file a regular grievance, with the informal resolution paperwork attached. He does so by submitting the original regular grievance form through the facility mail system to the facility unit head's office for processing by the institutional ombudsman/grievance coordinator. An incoming regular grievance is to be dated or date stamped on the front page of the form, on the working day when it is received by this official. If the submission meets the criteria for acceptance, it will be logged and a grievance receipt will be issued to the inmate within two working days of receipt.

If a regular grievance does not meet the filing requirements of OP 866.1, the grievance coordinator will reject the document at intake, mark the reason for the rejection on the back of the form, and return it to the inmate within two days. The inmate can correct the noted deficiency and resubmit the regular grievance, or he may appeal the intake rejection decision to the regional ombudsman.

After an investigation of the issue in a properly filed regular grievance, the warden or his delegate is to respond in writing within 30 days from receipt. The inmate may then appeal this Level I response to the regional director, who provides a Level II response within 20 days. Some issues may also be appealed again for a Level III response. Expiration of a time limit at any stage of the procedures is

considered a denial and qualifies the grievance for appeal to the next level of review. In such situations, the grievance will be returned promptly to the inmate with information about how to appeal.

The defendants present the affidavit of Red Onion Grievance Coordinator J. Messer that establishes the following sequence of events related to Mukuria's efforts at exhaustion. On April 8, 2015, Mukuria submitted an informal complaint alleging that prison officials' implementation of OP 803.2 to bar nude photographs was a violation of his First Amendment rights. Operations Officer Sherry Shortridge responded on April 9, 2015, explaining that inmates' First Amendment rights are limited by prison administrators' statutory duties to maintain security, discipline and good order in their facilities. Shortridge also stated that effective July 1, 2015, inmates would no longer be allowed to receive material containing nudity unless it was "illustrative of medical, educational, or anthropological content," and that all questionable material would be forwarded to the Publication Review Committee ("PRC") for approval. (Messer Aff., ECF No. 16-1.) She ended by stating that if the PRC disapproved an inmate's publication, the inmate could grieve the PRC's decision.

Mukuria has submitted with his § 1983 Complaint a copy of a regular grievance, dated April 13, 2015, complaining about the coming July 1, 2015 ban of nude photographs. This document has no receipt date or stamp from the Red

Onion grievance office, but is stamped "C-2," on the back. (Compl. Attach., ECF No. 1-1.) Messer states that the grievance office has no record of receiving this or any regular grievance from Mukuria about the nude photo ban in OP 803.2.

Messer's records also reflect a handwritten Level II grievance appeal to the regional ombudsman, dated April 27, 2015, submitted to the Red Onion grievance office. (Messer Aff., ECF No. 16-1.) In the appeal, Mukuria stated that he had filed his regular grievance on April 14, 2015; that he had not received a receipt for that grievance; and that since he had not received a Level I response he was filing a Level II appeal to exhaust his administrative remedies. The appeal document is stamped "RECEIVED APR 27, 2015 OMBUDSMAN SERVICE UNIT WESTERN REGION," and is also stamped "RECEIVED BACK FROM May 04, 2015 REGIONAL OFFICE." (Compl. Attach., ECF No. 1-1.) No Level II written response or other correspondence from the regional office is included with Mukuria's purported appeal paperwork.

Mukuria contends that by taking these steps, he properly exhausted the available administrative remedies procedures. I cannot agree. Mukuria admits that he did not receive a regular grievance receipt within two days after allegedly submitting his regular grievance dated April 13, 2015, and the document in his possession is not properly dated or date-stamped to indicate that the grievance office received it. His admitted lack of a receipt put Mukuria on notice to

investigate whether his grievance had reached its destination to allow officials to respond to his issue. Yet, he failed to do so. Moreover, Mukuria did not wait the full 30 days allowed under OP 866.1 for a Level I response or seek to obtain the original regular grievance form from the Red Onion office before filing his Level II appeal to the regional office on April 27, 2015. In so doing, Mukuria failed to follow the prescribed steps of OP 866.1 and, more importantly, deprived the prison's administration of the opportunity to respond to his regular grievance. Furthermore, without a regular grievance response to review, the regional ombudsman was also deprived of an opportunity to render any meaningful Level II appeal review.

I find no genuine issue of material fact in dispute that Mukuria filed this lawsuit without properly pursuing available administrative remedies as required under § 1997e(a). He fails to present evidence that his April 13, 2015, regular grievance was properly submitted to the grievance office. He also clearly did not wait the full 30 days for a Level I response before attempting to pursue a Level II appeal.

For these reasons, I conclude that the defendants are entitled to summary judgment as a matter of law on their defense of nonexhaustion under § 1997e(a). Because it is unclear whether or not Mukuria may still file viable administrative

remedies challenging the constitutionality of OP 803.2, I will dismiss his unexhausted claims without prejudice.

A separate Order will be entered herewith.

DATED: April 11, 2016

/s/ James P. Jones
United States District Judge